UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BERNARD NELSON<br>Plaintiff,<br><br>v.<br><br>MONTGOMERY COUNTY JAIL<br>Defendant. | No. 3 08 0819<br>(No. 3:08-mc-0137)<br>Judge Echols |

### MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Montgomery County Jail, challenging conditions of his confinement.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991); Marbry v. Correctional Medical Service, No. 99-6706, 2000 U.S. App. LEXIS 28072 (6th Cir.;11/6/00). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Montgomery County, the entity responsible for the operation of the jail. However, for Montgomery County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and

promulgated" by the county Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against this defendant upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2)

An appropriate order will be entered.

Robert L. Echols
United States District Judge